Bird, Demandante y Apelado, *v.* Sucesión López, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa sobre cobro de cantidad de dinero.

Moción del apelado para que se desestime la apelación.

No. ——.—Resuelto en marzo 12, 1915.

Desestimación de Apelación—Regla 59 de Esta Corte.—El mero transcurso de noventa días especificado en la regla 59 de esta corte no es por sí solo suficiente para desestimar una apelación, sino que debe probarse por otras circunstancias especiales que la apelación no se ha proseguido con la debida diligencia.

Exposición del Caso—Enmiendas a la Misma—Negligencia o Abandono.—No constituye por sí solo negligencia o abandono el hecho de que el apelante no haya incluído en la exposición del caso las enmiendas ordenadas por la corte, cuando ésta no ha fijado un término dentro del cual deba aquello hacerse.

Id.—Término para Presentar Enmiendas.—Es una buena práctica de la corte, cuando ordena que se hagan enmiendas a la exposición del caso, el fijar un término para ello, ya por iniciativa propia o a solicitud del apelado, y cuando dichas enmiendas no se hacen dentro del referido término, surge entonces la presunción de negligencia.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Arturo Aponte, Jr.*

Abogados del apelado: *Sres. Francisco González y Juan de Guzmán Benítez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una moción para desestimar una apelación. En 7 de diciembre de 1914, la Corte de Distrito de Humacao ordenó que el apelante hiciera ciertas enmiendas en el pliego de exposición del caso, y que tan pronto fueran hechas se aprobaría dicho pliego. La orden fué notificada al apelante y el apelado acredita que en febrero 5, 1915, las referidas enmiendas no habían sido hechas. La sentencia fué dictada en dicho caso el día 7 de octubre, 1914, habiendo sido interpuesta la apelación en noviembre 4, 1914.. La regla 59 de este tribunal, prescribe lo siguiente:

"Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación y no obstante las prórrogas concedidas por la corte inferior, el tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

En el caso de *Belaval* v. *Todd*, 21 D. P. R., 441, resuelto en noviembre 16, 1914, este tribunal indicó muy claramente que el mero vencimiento del término especificado en la regla no era razón suficiente para desestimar una apelación, sino que debe mostrarse por otras circunstancias especiales que la apelación no se ha proseguido con la debida diligencia. En el caso de *Morfi* v. *The Fajardo Development Company*, 19 D. P. R., 1202, la corte resolvió que la mera omisión en hacer enmiendas no constituía por sí negligencia o abandono. Indicamos en el caso de *Vega et al.* v. *Rodríguez et al.*, 19 D. P. R., 1003, que fué un caso semejante al presente, que la corte inferior debía fijar un término para la presentación de las enmiendas, declarándose que era insuficiente el simple transcurso del término. Si la corte inferior dicta tal

orden fijando un término definido para que se presenten las enmiendas y no se hacen éstas dentro de dicho término entonces surgiría la presunción de negligencia. Por consiguiente, la corte inferior ya por iniciativa propia o a solicitud del apelado, deberá fijar un término definido para la presentación de las enmiendas. No es nuestro propósito dar a entender que dicha fijación del término es un requisito previo indispensable para la desestimación de una apelación, pero a falta de éste deben presentarse otros hechos con el fin de mostrar que la demora no estaba justificada.

Debe desestimarse la moción.

*Desestimada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.